UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHHENG LEANG HOU** | **CASE NO. 2:24-CV-00954** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **P N K LAKE CHARLES L L C** | **MAGISTRATE JUDGE DAVID J. AYO** |

## MEMORANDUM RULING

Before the Court is a "Motion for Summary Judgment" (Doc. 15) filed by Defendant, PNK (Lake Charles) LLC, ("PNK") who is moving to dismiss this lawsuit.

## BACKGROUND

PNK operates the L'Auberge Casino Resort in Lake Charles, Louisiana.[1] Chheng Leang Hou and her family were staying in the hotel on the night of the incident. On November 22, 2023, Chheng Leang Hou was walking out of the elevators into the hallway of L'Auberge when she fell.[2] Ms. Hou alleges that she suffered a bone fracture to her right leg because of the fall.

Video surveillance recorded the fall.[3] The video surveillance shows Ms. Hou, her son, her 5 or 6-year-old grandson, and her son's girlfriend, who was pushing the baby carriage take an elevator to the casino floor.[4] As the group left the elevator, they turned and

---

[1] Declaration of Gerald Forester, Exhibit D-1, ¶ 2.
[2] *Id.*
[3] Declaration of Laura Duplechain, Exhibit D-3, ¶ 12 with reference to jump drive submitted as manual filing.
[4] *Id.*; Hou depo., P. 9, ln. 22-P. 11 ln. 18; P. 19 ln. 15-16 and depo Exhibit 2; Duplechain declaration ¶ 10 and video See video labeled "7003 Elevator P4"

walked down the elevator hall headed to the restaurant and casino area.[5] While walking to the casino area, they walked toward an open doorway where the doors were opened towards them.[6] As Ms. Hou and her family walked through the elevator hallway, her grandson began jumping and running.[7] At 19:26:53 Ms. Hou grabbed her grandson's right arm or hand with her left hand.[8] At 19:26:54, the child was running with Ms. Hou holding onto his hand.[9] At 19:26:55, the boy's arm was stretched behind him and Ms. Hou's arm was extended toward him with her head facing downward.[10] At the time, Ms. Hou was approaching the edge of the door furthest into the hallway. Ms. Hou's grandson started pulling her to the left.[11] Ms. Hou is seen with her body projected forward.[12] Video labeled "416-Slot Section 1" shows the grandson fall and Ms. Hou fall on top of him.[13] At 19:26:56, Ms. Hou's grandson is seen falling forward with his head beside the door.[14] His feet had not reached the floor joint when he fell.[15] At 19:26:57, Ms. Hou is seen next to the open door as she was falling on top of her grandson.[16]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[5] *Id.* ¶ 10
[6] *Id.* ¶ 11 and video labeled "7011 Elevator L1 P Lobby"
[7] Hou Depo., P. 33, Lns. 15-24
[8] Duplechain declaration ¶ 11
[9] *Id.* ¶ 13
[10] *Id.* ¶ 13
[11] *Id.* Hou Depo., P. 34, Lns. 4-8
[12] *Id.*; Hou Depo., P. 34, Lns. 18-23, P. 35, Lns. 14-18
[13] Duplechain declaration ¶ 13
[14] *Id.*
[15] Hou Depo. P. 40, Lns. 8-20; Duplechain declaration ¶ 12
[16] Hou Depo.

as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6.

To prove liability against a merchant, plaintiff, who is alleging a trip and fall injury sustained on such merchant's premises, has the burden of proving those elements set forth in Louisiana Revised Statute 9:2880.6. Section B thereof provides that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

A plaintiff must prove each of the above three elements. Failure to prove any element will defeat a plaintiff's claim. *White v. Walmart Stores, Inc.*, 699 So.2d 1081 (La. 9/9/97). Although the merchant has an affirmative duty to keep the premises in a safe

condition, a merchant is not the insurer of the safety of his patrons. *Jackson-Silvan v. State Farm Cas. Ins. Co.*, 171 So.3d 252 (La. App. 3 Cir. 2011) *writ denied*, (La. 5/22/15).

*Unreasonably dangerous*

In determining whether a condition is unreasonably dangerous, Louisiana courts apply the risk/utility balancing test, which considers the following factors: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Farrell v. Circle K Stores, Inc.*, 359 So.3d 467 (La. 3/17/2023).

If the application of the risk/utility balancing test results in a determination that the complained of hazard is not an unreasonably dangerous condition, a defendant is not liable because there was no duty breached. *Farrell,* 359 So.3d at 478. Further, summary judgment on the issue of an unreasonably dangerous condition is warranted where no reasonable person could find a breach of duty. Where a plaintiff fails to show that he or she will be able to establish the breach element at trial, summary judgment in favor of the defendant is mandated. *Id*.

In this lawsuit, Plaintiff alleges that she tripped and fell on a "metal bar" also considered as a floor latch. Defendant maintains there was no unreasonable dangerous condition and/or that the undisputed evidence shows that Plaintiff did not trip on the subject floor latch. As such, Defendant argues that no reasonable juror could find a breach of duty.

Plaintiff asserts that the issue is whether Plaintiff's fall was caused by the alleged hazardous condition of the metal floor latch. To create a genuine issue of material fact for

trial, Plaintiff relies upon the Declaration and a one-paragraph letter from her expert, Dr. Fereydoun Aghazadeh, and her own deposition testimony.[17]

The alleged floor latch that Plaintiff refers to is a very small "metal bar" or "metal plate" located in the middle of a doorway that holds the door shut.[18] Plaintiff asserts that the metal plate/ floor latch was uneven with the floor, and thus caused her fall. Dr. Aghazadeh wrote that he examined the subject floor and notes that the "wooden floor is about ¼ inch higher than the elevator area."[19] He also notes that there is a noticeable "height difference."[20] He then states that "[t]he joint looks like a typical flush joint,"[21] and that because the adjacent "floors are the same color[,] there are no visual clues when moving from one level to a higher level. He then suggests that the fact that there are no clues for step-over and an environment where the auditory and visual senses are loaded to the maximum and alcoholic beverages are consumed, creates an unreasonable dangerous condition that may result in guests missing the step-over and falling and getting injured."[22] What is noticeably absent is any mention by Dr. Aghazadeh of the floor latch or metal plate, and/or that it caused Ms. Hou's fall.

Defendant complains that Dr. Aghazadeh cites no standards, rules or scientific basis for his opinion that there is a defect in the floor, nor does Dr. Aghazadeh say that Ms. Hou made a misstep due to the floor latch or any other aspect of the floor. But more

---

[17] Plaintiff's exhibits 2 and 3; Plaintiff's exhibit 1, Chheng Leang Hou deposition.
[18] Defendant's exhibit Hou deposition, p. 19:25-20:8; Defendant's exhibit D1, ¶ 9 with inserted photograph.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*

significantly, Dr. Aghazadeh does not opine that the floor latch played any part in Ms. Hou's fall.

Defendant also attack's Dr. Aghazadeh's opinion because it does not comply with Federal Rule of Evidence 702. Defendant informs the Court that Dr. Aghazadeh's letter does not state that he viewed the video of Ms. Hou's fall, which shows that her grandson was running in front of her, pulling her arm, and that she fell on top of him after he fell as he was pulling her forward. Defendants also point out that she actually fell before she reached the metal bar/door latch.

Finally, Defendant complains that Dr. Aghazadeh's opinion is not supported by any scientific or technical analysis; he does not render any opinion that the floor and the floor latch did not meet to any building code or standard, or that the floor latch is unreasonably hazardous. There is no evidence that this floor latch is raised above the level of the floor, or that it is unreasonably dangerous.

Dr. Aghazadeh's one-paragraph letter fails to offer any reliable scientific or technical evidence that can be tested; he offers no peer review, nor is his opinion based on any codes or standards or actual facts. Defendants cite to cases in which Dr. Aghazadeh's opinions were rejected because they were mere "self-serving conclusions' and "rank speculation" because he did not identify any scientific data or research to support the alleged causal link between the alleged unreasonably dangerous condition and the alleged incident. See *Sapp v. Wood Grp. PSN, Inc.*, 2016 WL 147427 (E.D. La. Jan. 12, 2016); *Hopkins v. NCR Corp.*, 1994 WL 757510 (M.D. La. 1994) *aff'd,* 53 F.3d 1281 (5th Cir. 1995). The Court agrees with Defendants that Dr. Aghazadeh's one-paragraph letter

opinion suffers the same fate. The Court will not accept as the gospel, an expert's conclusion without a causal link and supportive scientific data that fails to address applicable building codes and standards. As such, Plaintiff has failed to submit sufficient summary judgment evidence to create a genuine issue of material fact for trial.

## CONCLUSION

For the reasons explain herein, the Court will grant "Motion for Summary Judgment" (Doc. 15) filed by Defendant, PNK (Lake Charles) LLC, and dismiss the instant lawsuit with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 8th day of July, 2025.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**